UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JONY JOEL MEDAL GARAY,

Petitioner,

Case No. 2:26-cv-2416-KCD-NPM

v.

WARDEN, GLADES COUNTY DETENTION CENTER, U.S. ATTORNEY GENERAL,

Respondents.
_______________________________/

**ORDER**

Petitioner Jony Joel Medal Garay has filed a writ of habeas corpus to challenge the lawfulness of his continued immigration detention. (Doc. 1.)[1] He argues that his bond hearing before an immigration judge was constitutionally deficient. (*Id.* at 7.)

Federal courts are generally not in the business of second-guessing an immigration judge's decision about bond for an illegal alien. *See Mayorga v. Meade*, No. 24-CV-22131, 2024 WL 4298815, at *8 (S.D. Fla. Sept. 26, 2024). The Immigration and Nationality Act dictates that the Attorney General's discretionary judgments regarding bond are not subject to review. 8 U.S.C. § 1226(e). If Garay were merely asking this Court to reweigh the evidence or substitute its judgment for the immigration judge, his petition would be dead

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

on arrival. But that statutory bar does not give the government a blank check to bypass the Constitution. It does not strip this Court of jurisdiction to consider a bona fide constitutional claim regarding the framework of the detention. *See Hernandez Garcia v. Warden, Glades Cnty. Det. Ctr.*, No. 2:26-CV-02065-SPC-NPM, 2026 WL 1953128, at *1 (M.D. Fla. July 7, 2026).

On August 5, 2026, the immigration judge denied Garay's request for a change in custody status. But there is no basis to conclude this was a meaningful, individualized assessment. Instead, the resulting order consists of a single sentence: "Respondent failed to demonstrate that they do not present a risk of flight. See Matter of Guerra, 24 I&N Dec. 37, 40 (BIA 2006), Matter of R-A-V-P, 27 I&N Dec. 803 (BIA 2020), and Matter of A-L-S, 29 I&N Dec. 794 (BIA 2026)." (Doc. 4-1 at 15.) And the Government has provided no other evidence of what occurred at the bond hearing. A boilerplate statement, devoid of any specific factual findings or analysis, falls woefully short of the individualized due process the Constitution requires when stripping a person of their physical freedom. *See Paredes v. Warden, Fla. Soft Side Det. Ctr.*, No. 2:26-CV-01131-SPC-DNF, 2026 WL 1353224, at *1 (M.D. Fla. May 15, 2026).

Because Garay's bond hearing was constitutionally insufficient on the current record, the habeas petition is **GRANTED IN PART**. Within ten days of this order, the Government shall either bring Garay for an individualized bond hearing before an immigration judge or release him under reasonable

conditions of supervision. To satisfy this order, the hearing must include—and the resulting order must reflect—consideration of evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and the Government must bear the burden of proof to justify continued detention. *Laborde Casallas v. Ripa*, No. 2:26-CV-02137-SPC-KRH, 2026 WL 2162793, at *2 (M.D. Fla. July 28, 2026). The habeas petition is otherwise denied. The Clerk is directed to terminate any pending motions and close this case.

**ORDERED** in Fort Myers, Florida on September 16, 2026.

Kyle C. Dudek
United States District Judge